51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ignacio BALTAZAR, Defendant-Appellant.
 No. 94-30234.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 28, 1995.
 
 Before: PREGERSON, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant, Ignacio Baltazar (Baltazar), was convicted on three counts relating to a cocaine transaction. Baltazar raises, for the first time on appeal, the issue that the jury received improper instructions at his trial. Specifically, the appellant alleges that the district court erred by not including the phrase "in relation to" in two jury instructions: the aiding and abetting jury instruction and the "Pinkerton " instruction.
 
 I. The Aiding and Abetting Instruction
 
 3
 The appellant argues that although all elements of the offense were contained in the jury instruction on the underlying offense, the failure to repeat "in relation to" in the jury instruction on aiding and abetting constitutes plain error. See United States v. Ramos, 861 F.2d 228, 230-31 (9th Cir.1988). It is not likely that, had the phrase been included in the aiding and abetting instruction, the verdict would have been affected.
 
 II. The "Pinkerton " Instruction
 
 4
 The appellant challenges the district court's Pinkerton instruction on coconspirator liability. Baltazar argues that this instruction describes the offense for which he could be held liable as "using and carrying a firearm as charged in Count 3." The appellant claims that this omission constitutes plain, constitutional error.
 
 
 5
 Gun use during and "in relation to" the predicate offense is just as much an element of Pinkerton liability for a Sec. 924(c) liability charge as it is an element of "aiding and abetting" liability for a Sec. 924(c) offense. See, e.g., United States v. Castaneda, 9 F.3d 761, 762 [cert. denied, 114 S.Ct. 1564 (1994) ] ("Pinkerton requires only that the use of the weapon in relation to the predicate drug offense be a reasonably foreseeable outcome of the conspiracy agreement.").
 
 
 6
 Bl.Br. at 17. The government argues correctly, however, that Castenada stands only for the proposition that a defendant could not be held to have foreseen coconspirator's use of firearms in relation to the offense. Castaneda does not discuss whether a Pinkerton instruction must repeat all elements of the offense for which the defendant could be held vicariously liable. The appellant does not demonstrate that the exclusion of the phrase "in relation to" demonstrates plain, constitutional error. The appellant failed to object to the instructions at trial, and has not met the burden of demonstrating that plain error warrants a reversal of his conviction.
 
 
 7
 The appellant's conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3